Anthony T. VENUTI, Jr. et al., Plaintiffs,

v.

Joseph W. RIORDON et al., Defendants.

Civ. A. No. 79–1637–C.

United States District Court,
D. Massachusetts.

Sept. 16, 1980.

Kenneth H. Tatarian, Boston, Mass., for plaintiffs.

Timothy McGee, Worcester, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is an action under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–2202 in which plaintiffs seek declaratory and injunctive relief on the ground that Sections 183A and 183C of Chapter 140, Massachusetts General Laws, are invalid and unconstitutional provisions authorizing entertainment licensing by municipalities. The plaintiffs have been trying unsuccessfully for several years to obtain licenses from the Worcester License Commission for the provision of contemporary American dance entertainment and nude contemporary American dance entertainment at the Blue Max Casino. The matter is before the Court and oral argument has been heard on the defendants' motion to dismiss the complaint under Rule 12(b)(1), (6) and (7), Fed.R.Civ.P.

Defendants argue for dismissal under Rule 12(b)(1) and (6) on the grounds that the plaintiffs lack standing, have failed to exhaust their administrative remedies, and present a dispute that is not ripe for judicial resolution. I find to the contrary that the plaintiffs are properly in this Court.

■ Plaintiffs have a sufficient personal interest in the rights and relief at stake here to meet standing requirements. *Association of Data Processing Service Organizations Inc. v. Camp*, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). The record reveals a lengthy period of adversarial action between plaintiffs and defendants over licenses to provide nude dancing. The plaintiffs allege substantial and individualized injury to their first amendment rights and economic well–being. The controversy arises directly from the defendants' actions under Mass.Gen.Laws c. 140 § 183A. The fact that the plaintiffs may not have submitted, or been able to submit, a formal written application for a 1979 § 183A entertainment license is not decisive here. What is critical is that the plaintiffs have serious interests at stake, have endured over two years of adversarial threats and action, and challenge these Massachusetts statutes as unconstitutional on their face. *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 151, 89 S.Ct. 935, 938, 22 L.Ed.2d 162 (1969); *Natco Theatres Inc. v. Ratner*, 463 F.Supp. 1124 (S.D.N.Y. 1979).

■ Though ripeness and exhaustion of remedies are doctrines quite distinct from standing, the defendants make no additional arguments on those issues beyond reasserting that the plaintiffs never applied for the 1979 license. What happened in December of 1978 when the plaintiff allegedly attempted to apply for a 1979 license is a matter of factual controversy. What is uncontroverted, however, is that plaintiffs have not been reluctant to use the administrative process. Indeed they have pursued the same administrative avenues for three consecutive years. Whether state administrative remedies need be exhausted in all 42 U.S.C. § 1983 actions is a matter of some dispute. *Gibson v. Berryhill*, 411 U.S. 564, 574–75, 93 S.Ct. 1689, 1695–96, 36 L.Ed.2d 488 (1973). To demand more administrative action here would be unreasonable. The lack of conclusive proof that a formal written application was made in 1979 does not bar this litigation. The controversy remains real and the legal issues are fit for adjudication.

■ The doctrine of abstention applies to a case of this nature only if "special circumstances" exist. *Zwickler v. Koota*, 389 U.S. 241, 248, 88 S.Ct. 391, 395, 19 L.Ed.2d 444 (1967). If state courts could give a challenged state statute a limiting construction, or resolve unsettled state law under the provision in issue, or provide guidance on an integrated state regulatory scheme of which the statute is a part, abstention could be justified. *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); *Harris County Commissioners Court, et al. v. Moore*, 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975); *Reetz v. Bozanich*, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). None of those circumstances exists here. The challenged statutory language of § 183A is clear. State court interpretation of the provision is settled, even if somewhat dated and contrary to plaintiffs' view. *Mosey Cafe Inc. v. Licensing Board For The City of Boston*, 338 Mass. 199, 154 N.E.2d 585 (1958). The recent abstention in *Sport Lounge Inc. v. Genevieve Glennon, et al.*, C.A. No. 80–0056–N (August 22, 1980), focused on the need for state court interpretations of the procedural safeguards of § 183A c. 140 M.G.L. It did not address the discretionary statutory language challenged by these plaintiffs. When a state statute is challenged on its face as repugnant to First Amendment rights, as is § 183A in this instance, abstention has been held to have been unwarranted and unwise. *Zwickler v. Koota, supra,* at 252, 88 S.Ct. at 397; *Citizens For A Better Environment Inc. v. Nassau County*, 488 F.2d 1353, 1362 (2nd Cir. 1973).

The defendants' motion to dismiss under Rule 12(b)(7) Fed.R.Civ.P. for failure to join a party under Rule 19(a)(2)(i) Fed.R. Civ.P. is also without merit. This Court has no reason to suspect that the defendants in this action will not adequately represent the interests that other Commonwealth cities and towns have in their licensing schemes. Moreover, as a practical matter those cities and towns and the Attorney General are free to intervene in this action if they so desire. *Liquifin Aktiengesellschaft v. Brennan,* 383 F.Supp. 978 (S.D.N.Y. 1974). Defendants offer no authority for the proposition that all municipalities who might operate a licensing scheme under this state statute must be joined in an action challenging the provisions. Indeed, such a demand would place an unfair and unrealistic burden on the plaintiffs.

Order accordingly.