Anthony T. VENUTI, Jr., et al., Plaintiffs,

v.

Joseph W. RIORDAN, et al., Defendants.

Civ. A. No. 79–1637–C.

United States District Court, D. Massachusetts.

Sept. 17, 1981.

---

Kenneth H. Tatarian, Boston, Mass., for plaintiffs.

Timothy McGee, William Scannel, Asst. City Sol., Worcester, Mass., for defendants.

## OPINION

CAFFREY, Chief Judge.

This action challenges the constitutionality of §§ 183A and 183C of Chapter 140, Massachusetts General Laws. The plaintiffs, a Massachusetts corporation and its principal individual shareholder, bring the case under 42 U.S.C. § 1983, seek declaratory and injunctive relief (28 U.S.C. §§ 2201–2202). They base jurisdiction for their claim on 28 U.S.C. § 1343(3). The licensing authority for the City of Worcester, the Worcester License Commission, and the City's principal law enforcement official, the Police Chief, are the defendants. The

case is before the Court on plaintiffs' motion for partial summary judgment. The motion is based on the ground that M.G.L. c. 140 §§ 183A and 183C are unconstitutional on their face.*

This challenge to the entertainment licensing statutes of the Commonwealth arises from a long-standing dispute stemming from the plaintiffs' efforts to present nude contemporary American dance entertainment at The Blue Max Casino in Worcester. The record establishes, unequivocably, that there is a live controversy between the parties.

In early 1978 the corporate plaintiff held an alcoholic beverages license issued pursuant to M.G.L. c. 138 and an entertainment license issued pursuant to M.G.L. c. 140 § 183A. In March 1978 the corporation sought a secondary license under c. 140 § 183A to present nude dancing. That application was denied amid controversy. Whether or not the plaintiffs applied for an entertainment license to present nude dancing in 1979 is a genuine issue of material fact. *She Enterprises, Inc. v. License Commission of Worcester,* —— Mass. ——, ——, 412 N.E.2d 883 (1980). It is uncontroverted that the corporation applied for such a license in 1980 and 1981, did not obtain a license, and has been presenting entertainment of its own choosing, including nude dancing without an entertainment license during the last two years.

After a nude dancing show in March 1978, the Worcester License Commission suspended the beverage license of the plaintiffs for ten days. Nude dancing was presented again on August 22, 1979, and the plaintiffs were prosecuted for violations of M.G.L. c. 140 §§ 183A and 183C, although ultimately they were acquitted. Hearings have been held on the plaintiffs' applications for entertainment licenses in 1980 and 1981, but the Commission has taken no further action.

I.   Preliminary Issues

The plaintiffs assert that M.G.L. c. 140 §§ 183A and 183C are facially unconstitutional as violative of the First and Fourteenth Amendments. Defendants contend that plaintiffs have no standing to bring the challenge, that plaintiffs failed to exhaust administrative remedies, and that this Court should abstain from a ruling on the merits. The short answer to these contentions is the fact that this Court has already addressed those arguments and found them wanting. *Venuti v. Riordan,* 496 F.Supp. 1255 (D.Mass.1980). The defendants' reliance on both the uncontested fact that plaintiffs currently provide nude dancing, and the contested fact that plaintiffs may not have formally applied for a nude dancing entertainment license in 1979, is misplaced.

This is a facial attack on the constitutionality of the statutes, with First Amendment implications, and standing may be sustained without providing the factual threshold necessary to challenge the constitutionality of the statutes "as applied," as long as there is a live controversy between

---

\* M.G.L. c. 140, § 183A:

> No innholder, common victualler or person owning, managing or controlling a cafe, restaurant or other eating or drinking establishment shall, as a part of his usual business, offer to view, set up, set on foot, maintain or carry on a concert, dance, exhibition, cabaret or public show of any description at which food or drink or other refreshment is sold for cash ... unless and until a license therefore ... has been issued by the licensing authorities, who may upon written application and upon such terms and conditions as they may prescribe, grant such a license for any or all of the purposes hereinbefore described and may, after written notice to the licensee, suspend or, after hearing revoke the same ....

M.G.L. c. 140, § 183C:

> Any person described in section one hundred and eighty-three A who engages in a business required to be licensed by said section unless authorized so to do by a license in full force and effect, and any holder of such a license who violates any condition thereof, shall be punished by a fine of not more than one thousand dollars, or by imprisonment for not more than one year, or by both. The clerk of the court in which a corporation engaged in such business is convicted under this section shall forthwith report such conviction to the state secretary, who shall thereupon revoke the charter of such corporation.

the parties, and they are subject to the statute. *See Commonwealth v. Blackgammon's Inc.,* —— Mass. ——, —— n.5, 417 N.E.2d 377 (1981). Indeed, because plaintiffs' claims "are rooted in the First Amendment, they are entitled to rely on the impact" of the statute "on the expressive activities of others as well as their own." *Schad v. Borough of Mount Ephraim,* —— U.S. ——, ——, 101 S.Ct. 2176, 2181, 68 L.Ed.2d 671 (1981). *See also Grendel's Den v. Herbert Goodwin,* 662 F.2d 102, at 107 n.11, (1st Cir. 1981); *Hughes v. Cristofane,* 486 F.Supp. 541, 546 (D.Md. 1980).

■ It may be that the defendants are allowing nude dancing at present, and thus are refraining from prosecuting plaintiffs under M.G.L. c. 140 § 183C, merely because they are aware that recent enforcement attempts under the same statutes in other cases have met with injunctive relief against enforcement in both state and federal courts. *See D'Amato v. Dudley,* C.A. No. 81–921–Ma (D.Mass. April 8, 1981); *New Palm Gardens, Inc. v. Pacquette,* C.A. No. 79–2586–Ma (D.Mass. December 31, 1979); *Highland Tap of Boston, Inc. v. Garguilo,* C.A. No. 42026 (Mass.Superior Ct., June 19, 1980). Although the importance of injunctive relief in the instant case may be diminished, the plaintiffs have an alternative prayer for declaratory relief, and the long-standing nature of this adversarial dispute coupled with the repetitive litigation for injunctive relief that the current statutes have fostered, render this facial attack seeking to obtain declaratory relief appropriate. *See generally Fantasy Book Shop v. City of Boston,* 652 F.2d 1115, 1126 (1st Cir. 1981); *Zwickler v. Koota,* 389 U.S. 241, 254, 88 S.Ct. 391, 398–99, 19 L.Ed.2d 444 (1967).

■ The motion for partial summary judgment is also in order. *Northeast Theatre Corp. v. Jordan,* 445 F.Supp. 744, 748 (D.Mass.1978). The constitutional claim presents the Court with a question of law, and any residual factual dispute is largely irrelevant to the resolution of the facial validity of the statutes, since the record establishes that there is a live controversy and the parties at issue are subject to the statute. The defendants have admitted that the corporation is subject to M.G.L. c. 140 §§ 183A and 183C (Ans. 7), and the record leaves no doubt that Venuti is the manager or controller of The Blue Max Casino.

## II. The Constitutional Claim

M.G.L. c. 140 § 183A provides in relevant part:

No . . . person owning, managing or controlling a cafe, . . . or other eating or drinking establishment shall . . . offer to view . . . maintain or carry on a concert, dance, exhibition, cabaret or public show of any description at which food or drink or other refreshment is sold for cash . . . unless and until a license therefor . . . has been issued by the licensing authorities, who may upon written application and upon such terms and conditions as they may prescribe, grant such a license for any or all of the purposes hereinbefore described and may, after written notice to the licensee, suspend or, after hearing revoke the same.

A person who operates an entertainment business without a license may be punished by a fine or imprisonment, with the loss of corporate charter following a conviction. M.G.L. c. 140 § 183C.

■ These statutes give "public officials the power to deny use of a forum in advance of actual expression," *Southeastern Promotions Ltd. v. Conrad,* 420 U.S. 546, 553, 95 S.Ct. 1239, 1244, 43 L.Ed.2d 448 (1975), and therefore they constitute prior restraints. In the instant case the forum is a bar and the actual expression is nude dancing. Under the statutes, whose facial validity is challenged, however, the forum could just as easily be the Tearoom at the Ritz with a performing harpist as the actual expression.

■ There is a heavy presumption against the constitutional validity of prior restraints. *Bantam Books v. Sullivan,* 372 U.S. 58, 70, 83 S.Ct. 631, 639, 9 L.Ed.2d 584 (1963). To overcome the presumption the

state must prove, *inter alia*, that the licensing scheme operates within "narrow, objective, and definite standards." *Shuttlesworth v. Birmingham*, 394 U.S. 147, 151, 89 S.Ct. 935, 938, 22 L.Ed.2d 162 (1969).

The defendants in this case do not even come close to offering the proof necessary to establish the constitutionality of this presumptively invalid licensing scheme. M.G.L. c. 140 § 183A on its face delegates complete discretion to licensing authorities and contains no standards whatsoever. As such, it is constitutionally infirm because it is overbroad; it restrains protected as well as unprotected expression and it grants "officials the power to discriminate—to achieve indirectly through selective enforcement a censorship of communicative content that is clearly unconstitutional when achieved directly." Tribe, *American Constitutional Law* (1st Ed.), § 12:35; *Gallarelli v. White*, C.A. No. 73–2587 (1st Cir. Sept. 21, 1973) (unpublished); *Int'l Society for Krishna Consc. v. Wolke*, 453 F.Supp. 869 (E.D.Wisc.1978). The statutes also apply to "eating or drinking establishment(s)," and thus suffer from a second overbreadth infirmity. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 933, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975).

In 1958 the Massachusetts Supreme Judicial Court construed M.G.L. c. 140 § 183A to avoid constitutional problems. *Mosey Cafe v. Licensing Board of Boston*, 338 Mass. 199, 154 N.E.2d 585 (1958). After conceding "that § 183A establishes no standards . . . ," the SJC concluded that "the purpose being the preservation of public order at public entertainments, greater particularity was not required." *Mosey Cafe, supra* at 205, 154 N.E.2d 585. The Supreme Judicial Court would probably not reach the same conclusion today were it called upon to review the facial constitutionality of the statute. *Konstantopoulos v. Whately*, —— Mass. ——, —— n.8, Mass.Adv.Sh. 1669, 1681 n.8, 424 N.E.2d 210 (1981); *Fitchburg v. 707 Main Corp.*, 369 Mass. 748, 343 N.E.2d 149 (1976). Moreover, recognizing the Supreme Judicial Court of the Commonwealth of Massachusetts as the final expositor of

state law does not conclude this Court's inquiry on an issue of federal constitutional law. *England v. Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

Even given the Supreme Judicial Court's *Mosey Cafe* interpretation of M.G.L. c. 140 § 183A, the statute is still constitutionally infirm for its vagueness. *Shuttlesworth, supra*, 394 U.S. at 151, 89 S.Ct. at 939; *Fantasy Book Shop, Inc. v. Boston, supra*; *Fitchburg, supra*. The state court interpretation is not like that in *Cox v. New Hampshire*, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941), where somewhat similar permissive language was construed far more narrowly. The *Mosey Cafe* construction leaves persons of common intelligence to guess at the meaning of M.G.L. c. 140 § 183A and differ as to its application. *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926).

In holding these statutes unconstitutionally overbroad and unconstitutionally vague, this Court underscores that the state entertainment licensing scheme is clearly at odds with prevailing First Amendment law. It may be, of course, that narrowly drawn statutes might constitutionally prohibit nude dancing at The Blue Max Casino. State statutes confined to liquor establishments, *New York State Liquor Authority v. Bellanca*, —— U.S. ——, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981), containing narrow and definite standards, and directed at certain kinds of conduct, *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *Olitsky v. O'Malley*, 597 F.2d 295 (1st Cir. 1979), might avoid constitutional problems of overbreadth and vagueness, and be based on important public interests that would justify limited restraint.

The present record contains nothing that warrants the wholesale delegation of authority explicit in M.G.L. c. 140 §§ 183A and 183C. I rule that these statutes are unconstitutional on their face as violative of the First and Fourteenth Amendments.

Order accordingly.