**Anthony T. VENUTI, Jr., et al.,
Plaintiffs, Appellees,**

**v.**

**Joseph W. RIORDAN, et al.,
Defendants, Appellants.**

**Anthony T. VENUTI, Jr., et al.,
Plaintiffs, Appellants,**

**v.**

**Joseph W. RIORDAN, et al.,
Defendants, Appellees.**

**Nos. 82–1614, 82–1626.**

United States Court of Appeals,
First Circuit.

Argued Dec. 9, 1982.

Decided March 7, 1983.

William F. Scannell, Jr., Worcester, Mass., for Joseph W. Riordan, et al.

Kenneth H. Tatarian, Boston, Mass., for Anthony T. Venuti, Jr., et al.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

BREYER, Circuit Judge.

Plaintiffs, owners of the Blue Max Casino in Worcester, Massachusetts, sued the city's Licensing Commission and its police chief, seeking injunctive and declaratory relief under 42 U.S.C. § 1983. They challenged the constitutionality of Massachusetts statutes requiring bars and restaurants to obtain a license before presenting any form of "public show." Mass.Gen.Laws Ann. ch. .140, §§ 183A, 183C. The district court found for the plaintiffs. *Venuti v. Riordan,* 521 F.Supp. 1027 (D.Mass.1981). The court then awarded the plaintiffs attorney's fees, as provided by 42 U.S.C. § 1988, which states that in § 1983 (and certain other) actions

> the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

Each side appeals from this latter decision. The city defendants claim that the court should have required the state, not the city, to pay the attorney's fee. The plaintiffs claim that the fee award should have included the costs of certain related criminal and administrative proceedings. After considering the parties' arguments, we have concluded that the decision of the district court is correct and should stand.

We turn first to the argument made by the city defendants that the state, not the city, should pay the fee. The argument, as stated, rests upon the fact that the statute set aside was a state statute, not a city ordinance; and its constitutional flaw consisted of the way the statute was written, not the way it was applied. This means, argues the city, that the state, though not a

party to the suit, was responsible for the legal problem that led to the suit; hence it must pay the fee.

The city cannot mean that the district court *lacks the power* to assess an attorney's fee against it. After all, the city was the defendant; it lost the suit; and 42 U.S.C. § 1988 gives the court "in its discretion" power to award "the prevailing party" a "reasonable attorney's fee as part of the costs" that a losing defendant must pay. *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *Hutto v. Finney,* 437 U.S. 678, 693–98, 98 S.Ct. 2565, 2574–77, 57 L.Ed.2d 522 (1978). The legislative history of the statute makes clear that a successful party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." S.Rep. No. 94–1011, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5912 (quoting *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)). The facts that the city did not itself enact the law at issue and that some other entity may be more "culpable" or "causally responsible" than the city do not, in our view, make it "unjust" as a matter of law to assess these costs. Indeed, civil rights action costs (including attorney's fees) are often assessed against defendants who enforce the laws instead of those who enact them. The legislature is rarely sued. *See Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); *Supreme Court of Va. v. Consumers Union,* 446 U.S. 719, 731–34, 100 S.Ct. 1967, 1974–76, 64 L.Ed.2d 641 (1980). School districts and counties have paid costs when they sought to enforce state statutes. *See, e.g., Familias Unidas v. Briscoe,* 619 F.2d 391, 406 (5th Cir.1980) (school district); *Holley v. Lavine,* 605 F.2d 638 (2d Cir. ) (county), *cert. denied,* 446 U.S. 913, S.Ct. 1843, 64 L.Ed.2d 266 (1980); *Becker v. Blum,* 487 F.Supp. 873 (S.D.N.Y.1980) (county). We see nothing in the city/state relationship that would warrant carving out a special legal rule excepting cities from cost liability when they seek to enforce state statutes. Cities are legal instruments of the state.

*See Cambridge v. Comm'r of Public Welfare,* 357 Mass. 183, 185–86, 257 N.E.2d 782, 785 (1970). In any event, the practical difficulties that would accompany any requirement that courts trace the cost dollar back to the most appropriate "tax pot" suggest that Congress had no such legal rule in mind. The state can more easily provide for appropriate shifting of financial burdens when it enacts indemnification statutes. *Cf.* Mass.Gen.Laws Ann. ch. 258, § 9 (indemnification of public employees by public employers for civil rights liability).

Nor can the city mean that the district court was legally required to join the state to the fee proceeding as an "indispensable party," under Fed.R.Civ.P. 19(a). Even if we leave aside the questions of whether such a party can be brought in at the fee proceeding stage, *cf. Moor v. County of Alameda,* 411 U.S. 693, 702, 93 S.Ct. 1785, 1792, 36 L.Ed.2d 596 (1973), still a party is "indispensable" only if

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest related to the subject matter of the action . . . .

Here, "complete relief"—the award of fees—can be "accorded" without the state's presence. And the state does not claim "an interest related to the subject matter of the action," namely the fee.

Rather, the city's strongest claim is that the district court *abused its discretion* in failing to join the state as a party under Fed.R.Civ.P. 14(a) for the purpose of requiring it to pay the attorney's fee. *Cf. Alsager v. Dist. Court of Polk County, Iowa,* 447 F.Supp. 572, 575 (S.D.Iowa 1977). Rule 14(a) allows a defendant, in the court's discretion, *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 477 (D.C.Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); *East Hampton Dewitt Corp. v. State Farm Mut. Auto. Ins. Co.,* 490 F.2d 1234, 1246 (2d Cir.1973), to bring into the action, "a person not party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

■ Assuming, without deciding, *see Moor v. County of Alameda, supra,* that the city could properly invoke the rule here, we believe the district court did not abuse its discretion. The city points to certain previously mentioned facts that argue in favor of joinder: Worcester did not enact the statutes; they were declared unconstitutional on their face; and Worcester may have defended them in the lawsuit only out of a sense of its duty to defend state laws. But, other facts point the other way. The State did not attempt to enforce the statutes. The State Attorney General's office, after examining the statutes, expressly declined Worcester's request to intervene in the lawsuit (though it wrote to Worcester, "Best of luck in your effort to defend the statutes."). Joinder of the state would have meant added delay for plaintiff in its effort to collect the fee. And, Worcester did not make clear precisely how it qualified for an indemnity by the state or precisely what law made the state "liable to" it "for all or part of the plaintiff's claim" against it. At a minimum then, we find that the district court's decision not to join the state was within its discretionary power.

■ We turn next to plaintiff's claim that the fee award should have included compensation for administrative proceedings and for the costs of defending a criminal action. The administrative proceedings at issue involve plaintiff's request for a license, the denial of which led to his civil rights action. We are aware of cases in which fee awards included the costs of administrative proceedings. *See, e.g., New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980) (Title VII case in which state administrative proceedings were an essential part of remedy); *Bartholomew v. Watson,* 665 F.2d 910 (9th Cir.1982) (state court proceedings initiated under *Railroad Comm. v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) abstention doctrine, after federal civil rights action filed); *Turillo v. Tyson,* 535 F.Supp. 577 (D.R.I.1982) (state administrative remedies under Education for All Handicapped Children Act which must be exhausted prior to civil rights action). But, in each of these cases the administrative proceedings constituted part of the plaintiff's remedy for redress of a prior wrong. Here, the proceedings at issue—resulting in the failure to grant the license—are part of the wrong of which plaintiff's federal civil rights action complained. That is to say, the administrative licensing proceedings here are more like the efforts to buy a house, at the root of a "fair housing" claim, or the effort to get a job, at the root of a "job discrimination" claim, than they are like administrative remedial proceedings. While such costs are often reimbursable, they are typically part of the plaintiff's damages, *see, e.g., Endicott v. Huddleston,* 644 F.2d 1208, 1217 (7th Cir.1980); *Flores v. Pierce,* 617 F.2d 1386, 1392 (9th Cir.) (license application), *cert. denied,* 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980). They are not typically considered part of the legal costs of the action. We find no abuse of the district court's discretion in failing to include them in the fee award.

■ Nor do we see merit in plaintiff's claim for expenses in defending a state criminal action brought under the statutes he succeeded in having declared unconstitutional. Section 1988 expressly applies to suits brought under "a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, Title IX of Public Law 92–318, or Title VI of the Civil Rights Act of 1964 ...."; it does not apply to criminal actions. We see nothing special about the criminal case at issue here that might bring it within § 1988. To do so would expand the scope of § 1988 to include attorney's fees in any criminal proceeding in which a defendant prevails by showing, for example, that a state law or practice is contrary to the federal Constitution or laws. After pondering the meaning of plaintiffs' cited reference to *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), in the legislative history, 1976 U.S.Code Cong. & Ad. News, *supra,* at 5912 n. 4, we note that the reference is obscure and does not mention criminal defendants. We conclude that nothing in the language or history of

§ 1988 or related case law supports an expansion of the sort that plaintiff urges. For these reasons, the judgment of the district court is

*Affirmed.*