**GLOBE NEWSPAPER COMPANY and Gerard M. O'Neill, Plaintiffs,**

v.

**Daniel F. POKASKI, Clerk–Magistrate for Criminal Business of the Suffolk Superior Court, Defendant.**

**CA No. 87–2140–T.**

United States District Court,
D. Massachusetts.

Jan. 19, 1988.

E. Susan Garsh, Jonathan M. Albano, Joanne D'Alcomo, Bingham, Dana & Gould, Boston, Mass., for plaintiffs.

H. Reed Witherby, Asst. Atty. Gen., Boston, Mass., for defendant.

## MEMORANDUM

TAURO, District Judge.

As part of its investigation concerning the number and disposition of cases involving alleged sexual offenses against children, the plaintiff Globe Newspaper Company, publisher of the *Boston Globe*,[1] has sought certain records from the defendant Clerk–Magistrate of the Suffolk County Superior Court. These records have been sealed pursuant to Mass.Gen.L. ch. 276, § 100C, which seals records of criminal cases in which there has been a disposition other than guilty.[2] Relying on this statute, the Clerk–Magistrate has refused access to the requested records in either a complete or redacted form.

As a result, the Globe has brought this suit seeking a declaration that the subject statute violates the First and Fourteenth Amendments to the United States Constitution. In response, the defendant has moved to dismiss, arguing that this court should abstain from ruling on the issue of constitutionality under the teaching of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1941), *reh. den.* 320 U.S. 214, 63 S.Ct. 1442, 87 L.Ed. 1851 (1943).

In *Burford,* the Supreme Court decided that federal courts should abstain from hearing cases where federal intervention would disrupt state efforts to establish coherent regulatory programs addressing local problems.[3] Defendant contends that this is such a case, because it involves the operation and administration of the Commonwealth's judicial system. A federal ruling in plaintiffs' favor could, according to defendant, lead to unnecessary conflict between federal and state courts.

In support of his position, defendant cites four cases from this circuit approving *Burford* abstention: *Marcal Paper Mills v. Ewing,* 790 F.2d 195 (1st Cir.1986) (abstention was appropriate in action challenging state severance pay law, when state supreme court had just heard argument on the very same issue); *Allstate Insurance Co. v. Sabbagh,* 603 F.2d 228 (1st Cir.1979) (abstention was proper in insurance company's challenge to rates set by state insurance commissioner, where such regulation was a matter of intensely local interest, the case would involve detailed factual analysis, and the statute had concentrated review of rate decisions in state supreme court); *Puerto Rico International Airlines v. Recio,* 520 F.2d 1342 (1st Cir.1975) (district court could abstain from declaring whether federal aviation law preempted application of local wage and hour laws to employees of international airline, where state civil litigation was pending on same issue); *Planned Parenthood League of Massachusetts v. Bellotti,* 608 F.Supp. 800 (D.Mass.1985) (in lawsuit alleging unconstitutional maladministration of law concerning abortions for minors, abstention was proper where state case on same issue was pending, and federal intervention would disrupt state's policy of managing its own judiciary). Each of these authorities, however, is distinguishable from the instant case.

Here, plaintiffs do not seek review of factual findings made by state officers. Moreover, they have not challenged individual orders to seal issued by particular judges. Rather, plaintiffs have brought a facial challenge to the constitutionality of a state statute requiring that all records in

---

1. The other named plaintiff is Gerard M. O'Neill, editor of the *Boston Globe* Spotlight Team.

2. The full text of the statute is set forth as an appendix to this opinion.

3. Plaintiffs in *Burford* asked a federal court to enjoin the execution of a Texas Railroad Commission order permitting the drilling and operation of certain oil wells. Approving the lower court's decision to abstain, the Supreme Court cited the following facts: oil and gas fields must be regulated as a unit for conservation purposes; the Railroad Commission administered a comprehensive oil production control program, of which decisions such as the challenged order were an essential part; the Commission's decisions involved complex factual determinations; the Texas legislature provided for thorough and expeditious judicial review of the Commission's decisions by state courts; and federal interference with the Commission's action had previously produced delay, misunderstanding of local law, and needless conflict with state policy.

certain types of cases automatically be sealed.

"[A] direct challenge to the constitutionality of an unambiguous state statute is not subject to the abstention doctrine." *Medical Malpractice Joint Underwriting Association of Rhode Island v. Pfeiffer,* 832 F.2d 240, 244 (1st Cir.1987). *Accord: Venuti v. Riordon,* 496 F.Supp. 1255, 1257 (D.Mass.1980) ("When a state statute is challenged on its face as repugnant to First Amendment rights ... abstention has been held to have been unwarranted and unwise"). *Cf. Burford,* 319 U.S. at 328, 63 S.Ct. at 1104 ("the important constitutional issues have, as the federal court has repeatedly said, been fairly well settled from the beginning").

In *Pfeiffer,* the First Circuit held that *Burford* abstention was inappropriate in a constitutional challenge to a state statute freezing premium rates for medical malpractice insurance. There, as here, "[n]o factual determination by an agency is being challenged. A state court, reviewing this matter, could do nothing this court cannot do: it ... would simply be passing on the legality of a state statute. In this situation, the state courts are not part of a regulatory process and possess no special powers not possessed by the district court ..." *Pfeiffer,* at 244.

Defendant's concerns notwithstanding, constitutional review of the subject statute by this court would not lead to excessive federal interference with state court activity. Plaintiffs' constitutional objections go to the substance of the record sealing provision, not to the manner in which it is being administered by state judicial officials, *cf. Planned Parenthood.* The challenged statute does not contain a special provision for state-level judicial review that federal intervention would bypass, *cf. Burford* and *Sabbagh.* Finally, there exist no parallel state proceedings which this court's action would disrupt, unlike *Marcal Paper Mills, Puerto Rico International Airlines,* and *Planned Parenthood.*

There being no adequate basis for this court to abstain from hearing and deciding the underlying issues in this case, defendant's motion to dismiss is denied.

An order will issue.

## APPENDIX

### § 100C. Sealing of records or files in certain criminal cases; effect upon employment reports; enforcement

In any criminal case wherein the defendant has been found not guilty by the court or jury, or a no bill has been returned by the grand jury, or a finding of no probable cause has been made by the court, the commissioner of probation shall seal said court appearance and disposition recorded in his files and the clerk and the probation officers of the courts in which the proceedings occurred or were initiated shall likewise seal the records of the proceedings in their files. The provisions of this paragraph shall not apply if the defendant makes a written request to the commissioner not to seal the records of the proceedings.

In any criminal case wherein a nolle prosequi has been entered, or a dismissal has been entered by the court, except in cases in which an order of probation has been terminated, and it appears to the court that substantial justice would best be served, the court shall direct the clerk to seal the records of the proceedings in his files. The clerk shall forthwith notify the commissioner of probation and the probation officer of the courts in which the proceedings occurred or were initiated who shall likewise seal the records of the proceedings in their files.

Such sealed records shall not operate to disqualify a person in any examination, appointment or application for public employment in the service of the commonwealth or of any political subdivision thereof.

An application for employment used by an employer which seeks information concerning prior arrests or convictions of the applicant shall include in addition to the statement required under section one hundred A the following statement: "An applicant for employment with a sealed record on file with the commissioner of probation

may answer 'no record' with respect to an inquiry herein relative to prior arrests or criminal court appearances." The attorney general may enforce the provisions of this section by a suit in equity commenced in the superior court.

The commissioner, in response to inquiries by authorized persons other than any law enforcement agency or any court, shall in the case of a sealed record report that no record exists. After a finding or verdict of guilty on a subsequent offense such sealed record shall be made available to the probation officer and the same, with the exception of a not guilty, a no bill, or a no probable cause, shall be made available to the court.