**In the Matter of Louis LEVY, etc., et al., Plaintiffs,**

**v.**

**NORTHPORT–EAST NORTHPORT UNION FREE SCHOOL DISTRICT, et al., Defendants.**

**No. CV 87–3197.**

United States District Court, E.D. New York.

March 23, 1989.

James F. Filenbaum, Spring Valley, N.Y., for plaintiffs.

Ingerman, Smith, Greenberg, Gross & Richmond by Warren Richmond III, Northport, N.Y., for defendants Northport–East Northport Union Free School Dist., Dr. William J. Brosnan, John Scurti and Clifford Bishop.

Robert Abrams, New York State Atty. Gen. by Tarquin Jay Bromley, New York City, for defendants New York State Com'r of Educ. and New York State Com'r of Health.

ORDER

WEXLER, District Judge.

In a Report and Recommendation ("R & R") dated January 5, 1989, Magistrate David F. Jordan granted an award for attorney's fees and costs. Defendants Northport–East Northport Union Free School District and certain other defendants filed timely objections to the R & R.

In this case, plaintiffs challenged successfully the constitutionality of New York Public Health Law § 2164, subd. 9. § 2164 prohibits a child who has not been vaccinated from attending public school. Subdivision 9 exempts members of a *recognized* religion whose teachings oppose the requirements of the statute. At trial plaintiffs were found to meet the requirements of subdivision 9 except that they did not belong to a recognized religion. Therefore, by order dated October 21, 1987 this Court held *inter alia*:

> Section 2164(9)'s limitation of the availability of a religiously-based exemption from immunization to "bona fide members of a recognized religious organization" whose doctrines oppose such vaccinations violates both the establishment and free exercise clauses of the First

**512**

Amendment to the United States Constitution.

672 F.Supp. 81.

After rendering its decision, the Court referred the case to Magistrate Jordan for resolution of non-dispositive matters.

Pursuant to 42 U.S.C. § 1988, plaintiffs move for an award of reasonable attorney's fees, costs, etc. On December 19, 1988 Magistrate Jordan held a hearing to decide plaintiffs' motion.

In a Report and Recommendation dated January 5, 1989 Magistrate Jordan awarded plaintiffs $7100.00 in attorney's fees and $454.00 in costs.

Defendants Northport–East Northport Union Free School District, Dr. William Brosnan, and Clifford Bishop submitted timely objections to Magistrate Jordan's Report and Recommendation. These defendants object on only one narrow issue. Specifically, Magistrate Jordan recommended that the School District and the State of New York share *equally* in paying the award for attorney's fees and costs. The School District asserts that it should not be held liable for the award because it was only implementing the applicable state statute and following decisions issued by the State Superintendent of Education. Thus, the School District seeks to carve out a special rule exempting cities and other agencies from cost liability when they enforce unconstitutional state policies or laws.

The Second Circuit has never expressly stated that state and local officials can be held liable for civil rights action costs when implementing laws or policies which are not of their own creation. However, it has ordered cities and their agencies to pay such costs. *See, e.g., Holley v. Lavine,* 605 F.2d 638 (1979); *Jose P. v. Ambach,* 669 F.2d 865 (2d Cir.1982). Other Circuits have held explicitly that civil rights action costs can be "assessed against defendants who enforce the laws instead of those who enact them." *Venuti v. Riordan,* 702 F.2d 6, 8 (1st Cir.1983). *See also Familias Unidas v. Briscoe,* 619 F.2d 391 (5th Cir.1980); *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945 (1st Cir.1984).

Therefore, it is entirely proper to hold the School District liable for a percentage of the § 1988 award. Moreover, at the hearing before Magistrate Jordan, defendants presented no evidence as to the relative culpability of each defendant. Therefore, the 50–50 apportionment seems fair and equitable.

Accordingly, the Court upholds Magistrate Jordan's R & R in its entirety. The Clerk of the Court is ordered to enter judgment in accordance with this opinion.

SO ORDERED.