THE BLACK ROSE, INC. *vs.* CITY OF BOSTON.

Suffolk. January 8, 2001. - March 15, 2001.

Present: GREANEY, IRELAND, SPINA, COWIN, & SOSMAN, JJ.

*Boston Licensing Board. Practice, Civil,* Relief in the nature of certiorari. *License. Constitutional Law,* Freedom of speech and press. *Statute,* Construction.

This court concluded that a Superior Court judge applied the correct standard of review, viz., "substantial evidence," in an action in the nature of certiorari under G. L. c. 249, § 4, challenging a decision of a licensing board to suspend an entertainment license pursuant to G. L. c. 140, § 183A; that is, the reviewing court upholds the decision of a licensing authority where the findings of the authority are supported by substantial evidence in the record considered as a whole. [503-505]

The holder of an entertainment license did not demonstrate that its First Amendment rights were infringed by the application of a "substantial evidence" standard of judicial review to the decision of a licensing board suspending the license for one day. [505]

A licensing board was not shown to have exceeded its authority in sanctioning an entertainment license holder by a one-day license suspension for assaults on patrons by the establishment's staff, where such conduct caused an adverse effect on the public health, safety, or order within the meaning of G. L. c. 140, § 183A, seventh and eighth pars., and where the assaults constituted a "violation of law" within the meaning of § 183A, ninth par. [506-507]

CIVIL ACTION commenced in the Superior Court Department on March 31, 1999.

The case was heard by *Margaret R. Hinkle,* J., on motions for judgment on the pleadings.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Charles G. Devine, Jr.,* for the plaintiff.

*Stacey G. Bloom,* Assistant Corporation Counsel, for city of Boston.

SPINA, J. The Black Rose, Inc. (plaintiff), appeals from the dismissal of its complaint and the entry of judgment for the city

of Boston (defendant). The plaintiff had challenged a decision of the mayor's office of consumer affairs and licensing for the city of Boston (licensing board) to suspend the plaintiff's entertainment license for one day. On appeal, the plaintiff argues (1) the trial judge applied the wrong standard of review for a decision to suspend an entertainment license pursuant to G. L. c. 140, § 183A; and (2) the licensing board acted beyond its authority by sanctioning the plaintiff for an incident unrelated to the licensed activity. We transferred the appeal to this court on our own motion. We affirm.

1. *Background.* The plaintiff owns and operates a restaurant and bar in downtown Boston. The licensing board is an authority established pursuant to G. L. c. 138, § 4, consisting of members appointed by the mayor of Boston subject to confirmation by the city council. The licensing board granted the plaintiff an entertainment license pursuant to G. L. c. 140, § 183A, that entitled it to offer the following entertainment: vocal music and instrumental music not to exceed five instruments; one cassette or compact disc player; four televisions; two wide-screen televisions; one radio; and one jukebox.

On August 20, 1998, two patrons were physically assaulted by members of the plaintiff's staff. One patron claimed that two employees had, without justification, shouted and cursed at him, insulted a member of his party, knocked beer bottles out of his hand, and then pushed him outside the establishment. The plaintiff's employees also inflicted bruises on and ripped the shirt of another patron while forcibly removing him from the premises.

On November 18, 1998, the licensing board held a hearing to determine whether the plaintiff's entertainment license should be suspended or revoked as a result of the alleged assaults. The plaintiff did not refute the allegations or demonstrate any justification for its employees' conduct. The licensing board suspended the plaintiff's entertainment license for one day, to be served on April 22, 1999. The licensing board's decision stated in pertinent part:

> "Although it appears that the patrons were not seriously hurt, this is nevertheless a serious VIOLATION of Licens-

ing Standards regarding public safety. Licensees are expected to conduct their operation so as to protect members of the public inside their establishment from disruptive conduct. The patrons were not so protected on this occasion" (emphasis original).

The licensing board also found that the plaintiff had not addressed the incident adequately with its employees, and that the plaintiff had not taken steps to prevent any future recurrence of such a violation.

The plaintiff sought review of the licensing board's decision by filing an action in the Superior Court seeking relief in the nature of certiorari, pursuant to G. L. c. 249, § 4. The parties filed cross motions for judgment on the pleadings.[1] The judge applied the "substantial evidence" test, and concluded, inter alia, that the defendant acted within the scope of § 183A.

2. *Standard of review.* Because G. L. c. 140, § 183A, contains no provision for judicial review of a decision of the licensing board, and because it is not a State "agency" within the meaning of the State Administrative Procedure Act, G. L. c. 30A, § 1 (2), see *Saxon Coffee Shop, Inc.* v. *Boston Licensing Bd.*, 380 Mass. 919, 922-924 (1980) (concluding that licensing board is not State agency), judicial review is only available by civil action for relief in the nature of certiorari, pursuant to G. L. c. 249, § 4. See *Caswell* v. *Licensing Comm'n for Brockton*, 387 Mass. 864, 876-877 (1983). The standard of review for an action in the nature of certiorari depends on "the nature of the action sought to be reviewed." *Boston Edison Co.* v. *Boston Redevelopment Auth.*, 374 Mass. 37, 49 (1977). We have not had occasion to review a decision suspending an entertainment license. The plaintiff argues that the trial judge erred in applying the "substantial evidence" test,[2] and that she should have applied a heightened standard of review requiring the defendant to assume the burden of proving that its actions were justified.

---

[1]Superior Court modified standing order 1-96 provides that petitions for judicial review of administrative proceedings under G. L. c. 249, § 4, "shall be resolved through a motion for judgment on the pleadings, Mass. R. Civ. P. 12 (c)[, 365 Mass. 754 (1974)]."

[2]This test requires that the reviewing court "uphold the decision of the licensing authority as long as the findings by the authority are supported by substantial evidence in the record considered as a whole." *1001 Plays, Inc.* v.

The judge relied on decisions in which we held that the substantial evidence test should be applied to license revocation cases. See *Konstantopoulos* v. *Whately*, 384 Mass. 123, 137 (1981) (entertainment license under § 183A); *Saxon Coffee Shop, Inc.* v. *Boston Licensing Bd.*, *supra* (common victualler's license under G. L. c. 140, § 9). The plaintiff contends that, because we noted in *Konstantopoulos* v. *Whately*, *supra* at 134 n.8, that the original version of § 183A[3] lacked objective standards limiting a licensing authority's discretion when making decisions, but nonetheless concluded that the substantial evidence test applied to judicial review of such decisions, a "heightened" standard of review requiring the defendant to prove that its actions were justified should now apply because the current version of § 183A contains such criteria.[4] The plaintiff misconstrues our reasoning in *Konstantopoulos* v. *Whately*, *supra*. In that case, we focused on the "nature of the claim" on appeal rather than the statutory language itself. In both *Saxon Coffee Shop, Inc.* v. *Boston Licensing Bd.*, *supra* at

*Mayor of Boston*, 387 Mass. 879, 885 (1983). "Substantial evidence" means such evidence as a reasonable mind might accept to support a conclusion. *Id.*

[3]General Laws c. 140, § 183A, as amended through St. 1936, c. 71, § 1, was declared unconstitutionally overbroad and vague because it failed to provide narrow and objective criteria for making licensing decisions. See *Venuti* v. *Riordan*, 521 F. Supp. 1027, 1030-1031 (D. Mass. 1981). The statute was subsequently rewritten. See St. 1981, c. 694, § 1, which added, inter alia, the "public health, safety or order" standard found in the eighth paragraph of the current version to meet the objections of the Federal court. See also *G.J.T., Inc.* v. *Boston Licensing Bd.*, 397 Mass. 285, 293-294 (1986). While no court has ever ruled on the constitutionality of the current version of § 183A, some opinions have suggested that the 1981 version has cured the constitutional defects of its predecessor. See *G.J.T., Inc.* v. *Boston Licensing Bd.*, *supra*; *Highland Tap of Boston, Inc.* v. *Boston*, 26 Mass. App. Ct. 239, 242 n.3 (1988). The plaintiff has not raised the issue of the statute's constitutionality in its appeal.

[4]The plaintiff premises its argument on the theory that, where there is a broad grant of discretionary authority given to a licensing authority, a reviewing court examines whether there was an abuse of discretion, measured by the arbitrary and capricious test, or other error of law. See *Caswell* v. *Licensing Comm'n for Brockton*, 387 Mass. 864, 877-878 (1983). See also D.A. Randall & D.E. Franklin, Municipal Law and Practice § 1979 (4th ed. 1993 & Supp. 2000). On the other hand, where the authority is limited by narrow and objective criteria, judicial review usually entails an assessment of the strength of the evidence supporting the action. See *Yerardi's Moody St. Restaurant & Lounge, Inc.* v. *Selectmen of Randolph*, 19 Mass. App. Ct. 296, 300 (1985).

924, and *Konstantopoulos* v. *Whately, supra* at 137, we determined that the substantial evidence test should apply to license revocation proceedings under G. L. c. 140, §§ 9 and 183A, respectively, because of the strong similarity between the "nature of the claim" in such cases and the revocation of an alcoholic beverage license in proceedings before the Alcoholic Beverages Control Commission, a State agency subject to the State Administrative Procedure Act, and to which the substantial evidence test applies. See G. L. c. 30A, § 14 (7) (*e*).

We see no appreciable difference between the "nature of the claim" in license revocation proceedings under § 183A, *Konstantopoulos* v. *Whately, supra,* and the "nature of the claim" in license suspension proceedings under § 183A. Both sanctions emerge from the same adjudicatory proceeding in which the licensee is afforded the same due process protections. See G. L. c. 140, § 183A, eighth par. More importantly, the licensing authorities are required to apply the same narrow and objective criteria in making either decision. The difference between the two sanctions is merely a matter of degree. *Id.*

The plaintiff next argues that, because the First Amendment to the United States Constitution is implicated, a heightened standard of review should apply. The plaintiff has not specified how the First Amendment has been implicated other than to say that entertainment is protected by the First Amendment. We have noted that, where First Amendment rights are involved, the standard of review might be higher, and may require the licensing authority to carry the burden of proving the validity of its action. See *Caswell* v. *Licensing Comm'n for Brockton, supra* at 878 n.9, citing *1001 Plays, Inc.* v. *Mayor of Boston,* 387 Mass. 879, 883 n. 4 (1983). See also *Fantasy Book Shop, Inc.* v. *Boston,* 652 F.2d 1115, 1125 (1st Cir. 1981). Contrary to the plaintiff's suggestion, such concerns are not present here. First, the plaintiff has failed to demonstrate that the sanction imposed was directed at communicative, rather than noncommunicative, activity. See *id.* at 1122. Second, rights protected by the First Amendment may be regulated by a licensing scheme provided the scheme contains "narrow, objective, and definite standards." *Shuttlesworth* v. *Birmingham,* 394 U.S. 147, 151 (1969). The plaintiff has not shown how any of its First Amendment rights have been infringed.

3. *Scope of authority.* The plaintiff also argues that the licensing board exceeded the scope of its authority, which the plaintiff contends is limited to oversight of those precise activities enumerated in the license. In the plaintiff's view, the licensing board can impose a sanction only where a specific licensed activity directly caused an adverse effect on public health, safety, or order (e.g., if sound were amplified to unsafe levels, or if a licensed activity caused the establishment to exceed its capacity).

The construction the plaintiff gives § 183A is too restrictive. The purposes underlying § 183A are not limited to regulation of only the instrumentalities of entertainment. We observed in *Konstantopoulos* v. *Whately, supra* at 134, that "the purpose of § 183A is the preservation of public order at public entertainments." Thus, it is the effect of the license on the public that animates the statute. See *Jaffarian* v. *Building Comm'r of Somerville,* 275 Mass. 267, 271 (1931) ("The right to require licenses is based on the conception that places of public amusements may require supervision by public authorities to the end that they may not degenerate and become obnoxious to the public welfare"). Section 183A, fourth par., expresses a legislative intent to regulate "the conduct of the premises in general," not just during the particular entertainment activities for which the license was issued. This construction is supported by the language in both the seventh and eighth paragraphs of § 183A, which provide that a license may be denied, modified, suspended, or revoked, if "the license, *taken alone* or in combination with other licensed activities on the premises" would adversely affect public health, safety, or order (emphasis added). It is contrary to the interests of public health, safety, and order to conduct entertainment at an establishment that permits its staff to assault patrons. The fact that the assaults here occurred at a time when no entertainment was being presented does not change the fact that there were no adequate management procedures in place to prevent such conduct from occurring during entertainment. Patrons, therefore, were exposed to conditions constituting an adverse effect on the public health,

safety, or order within the meaning of § 183A, seventh and eighth pars.[5]

Finally, § 183A, ninth par., provides authority to "modify, suspend or revoke a license . . . for any violation of [the licensing authorities'] rules and regulations *or* for *any violation of law*" (emphasis added). Here, the licensing board found, based on credible and uncontroverted evidence, that the plaintiff's employees assaulted two patrons without cause. Such conduct is a violation of G. L. c. 265, § 13A, and provides an adequate and independent basis for the license suspension. The plaintiff contends that, because the "violation of law" provision appears in a paragraph discussing the licensing board's authority to place conditions on the issuance of a license, the licensing board can suspend a license for a violation of law only where other conditions have been placed on the license. The clear language of § 183A, ninth par., suggests otherwise: it is not meant to limit the licensing board's authority, but to expand it.

The licensing board did not exceed its authority in suspending the plaintiff's entertainment license.

*Judgment affirmed.*

---

[5]The plaintiff's argument that the licensing board failed to comply with the procedural requirement of § 183A and make a written finding that a particular licensed activity "adversely affected the public health, safety or order" similarly fails. As discussed, the licensing board is not limited to imposing sanctions for violations stemming from activities expressly included in the license.