MacDonald, D. Lloyd, J.
Before the Court is the plaintiffs’ motion for judgment on the pleadings and the defendants’ cross motions for the same and for entry of final judgment affirming the defendant Commonwealth of Massachusetts Civil Service Commission’s (the “Commission’s”) decision below. The Court DENIES the plaintiffs’ motion and ALLOWS the defendants’ motions for the following reasons.
In summary form, the plaintiffs challenge the Commission’s statutory authority to modify a disciplinary decision of the Colonel of the plaintiff Commonwealth of Massachusetts Department of State Police (the “State Police”). After a hearing before a State Police trial board, the State Police Colonel adopted the findings of the trial board that the defendant State Trooper Jody A. Reilly (“Reilly”) had on five occasions violated State Police Rules and Regulations Section 5.27.2 requiring truthful answers to questions directed to her employment, two times violated Section 5.27.1 that requires troopers to be truthful at all times and twice violated Section 5.2 prohibiting conduct unbecoming a trooper. The Colonel further adopted the trial board’s recommendation that Reilly be punished by a 13-month suspension without pay.
Reilly then exercised her statutory right of appeal to the Commission pursuant to G.L.c. 22C, §13. The Commission held a three-day evidentiary hearing. Thereafter, it issued its decision upholding the Colonel’s disciplinary action but modified the sanction by reducing Reilly’s suspension to 8 months. The Commission found that two of the five violations of Section 5.27.2 lacked reasonable justification and that the 13-month sanction was disproportionate considering the Colonel’s record of disciplinary action against similarly situated uniformed troopers and what the Commission found to be the Colonel’s failure to have investigated and disciplined a senior officer who was complicit with Reilly in the underlying misconduct.
The plaintiff State Police submits that the Commission is without statutory authority to modify the Colonel’s disciplinary action. It argues that the 2002 amendment of G.L.c. 22C, §13, which provided appellate recourse to the Commission for the first time (previously it had been to the District Court), left the Colonel with the ultimate authority to determine disciplinary sanctions. The State Police submit that the “only intent (or result) of the 2002 amendment of [G.L.c. 22] Section 13 was to create an unbiased forum [i.e., the Commission] for an aggrieved member to voice a complaint.” “The disciplinary authority of the Colonel of the Massachusetts State Police is simply not, under Massachusetts General Laws, Chapter 22C, §13 or any other mandate, subject to the jurisdiction of the Commission.”
The problem with the position of the State Police is that it runs afoul of the basic principle of statutory construction that a court will “not ‘interpret a statute so as to render it or any portion of it meaningless or superfluous.’” Volin v. Board of Public Accountancy, 422 Mass. 175, 179 (1996), quoting Andamowicz v. Ipswich, 395 Mass. 757, 760 (1985).
The parties agree that the 2002 amendment of Section 13 was filed on behalf of the State Police Association of Massachusetts (the “Association”). The Association represents all state troopers holding the rank of Trooper or Sergeant. Its clear purpose was to obtain what was perceived as the greater protection for Troopers and Sergeants of review by the Commission. The State Police acknowledges that the 2002 revision entitles a trooper to a hearing before the Commission, but, as quoted above, it submits the appellate remedy is limited to the hearing itself, i.e., that it provides no authority in the Commission to alter the Colonel’s discipline. Apart from the inherent illogic of such an outcome, this interpretation would result in troopers having substantially less protection from alleged administrative error than they previously had. There is no support in the statutory text or in the legislative history of the 2002 revision for the plaintiffs position. Among other things, the legislative history includes the event that the Acting Governor’s veto of the revised statute (such veto reasonably seen as intended to protect the executive prerogatives of the Colonel) was overridden in the Senate by a vote of 32 to 2.
The State Police further challenges the “just cause” of Commission’s modification of the Colonel’s factual determinations and the sufficiency of the evidence before the Commission.
In these circumstances, the Court is required to give “due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” G.L.c. 30A, §14(7). See Thomas v. Civil Service Commission, 48 Mass.App. 446, 451 (2000); Tri-County Youth Programs, Inc. v. Acting Deputy Dir. of the Div. of Employment and Training, 54 Mass.App.Ct. 405, 408 (2002). The agency’s decision, however, must be supported by substantial evidence. G.L.c. 30A, §14(7). “Substantial evidence" means such evidence as a reasonable mind might accept as adequate to support a conclusion. Id., §1(6). When applying the substantial evidence standard, the Court considers the record as a whole. The Black Rose, Inc. v. City of Boston, 433 Mass. 501, 503 (2001). “(T]he substantial evidence test *37 accords an appropriate degree of judicial deference to administrative decisions, ensuring that an agency’s judgment on questions of fact will enjoy the benefit of the doubt in close cases, but requiring reversal by a reviewing court if the cumulative weight of the evidence tends substantially toward opposite inferences.” Cobble v. Comm’r of the Dept. of Social Services, 430 Mass. 385, 391 (1999).
In substance, the Court is required to give the Commission, as an agency of the Commonwealth, wide discretion within the subject matter of its statutory jurisdiction. However, the Commission itself, in exercising its own review function pursuant to G.L.c. 31, §43, is not free to substitute its judgment as to matters that relate to merit and policy considerations within the bounds of the reviewed agency’s lawful discretionary authority. Town of Falmouth v. Civil Service Commission, 61 Mass.App.Ct. 796, 800 (2004). “The issue for the commission is ‘not whether it would have acted as the appointing authority had acted, but whether, on the facts found by the commission, there was reasonable justification for the action taken by the appointing authority in the circumstances found by the commission to have existed when the appointing authority made its decision.’ ” Id. (quoting Watertown v. Arria, 16 Mass.App.Ct. 331, 334 (1983).
In advancing its argument that the Commission lacked substantial evidence and just cause to vacate two violations found by the Colonel and to modify the Colonel’s sanctions, the State Police runs into the obstacle that it failed to incorporate into the appellate record a transcript of the proceeding before the Commission. The Commission informed the State Police of its right to have such a transcript be part of the record pursuant to Superior Court Standing Order 1-96.
In Covell v. Department of Social Services, 439 Mass. 766, 782 (2003), the SJC stated that in an administrative appeal, “a transcript must be submitted to support a claim that the evidence was insufficient.” Otherwise, “both sides have... to rely on the contents and analysis reflected in the hearing officer’s decision.” Id.
The Commission found that the State Police had failed to inform Reilly of their purpose in advance of the interview in violation of her rights under Article 27 of the collective bargaining agreement. It further found that the sanction against Reilly was disproportionate when viewed against sanctions imposed in comparable cases. And the Commission found that the disciplinary action against Reilly was inequitable when measured against the State Police’s action against her superior who was complicit in Reilly’s underlying misconduct. Without a transcript, those findings by the Commission must stand.
Further, judicial deference to the Commission’s judgment with regard to modification of sanctions is especially appropriate where the Commission is acting out its statutory function to guard against inequitable treatment between similarly situated persons, see Town of Falmouth, 61 Mass.App.Ct. at 800, and to protect employees from “overtones of political control or objectives unrelated to merit standards.” Cambridge v. Civil Service Commission, 43 Mass.App.Ct. 300, 304 (1997). The Commission fully articulated its reasons for modifying the Colonel’s penalty based on facts on the record. Accordingly, there is no basis disturb the Commission’s decision.
The Commission had the authority to review the Colonel’s disciplinary action, in general, and Reilly’s rights under the collective bargaining agreement, in particular, for the reasons stated by the Commission in its memorandum in opposition at section B(3) at pages 23-24.
ORDER
1. The plaintiff State Police’s motion for judgment on the pleadings is DENIED.
2. The defendant Reilly’s cross motion for judgment on the pleadings and the defendant Commission’s motion that judgment enter affirming the Commission are ALLOWED.
3. The May 4, 2006 decision of the Commission in case number D-05-382 is AFFIRMED.